**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
   amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Lamington Road Designated Activity Company** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **FKA  Lamington Road Limited** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **98-1257738** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **Grand Canal House** <br> **2nd Floor Palmerston House** <br> **Fenian Street** <br> **DUBLIN 2 IRELAND** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **N/A**

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

| Debtor | **Lamington Road Designated Activity Company** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5242__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| Debtor | **White Eagle General Partner, LLC** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Delaware** | When | Case number, if known |

Debtor    **Lamington Road Designated Activity Company**      Case number (*if known*) _____

Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

     Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

      Contact name _____

      Phone _____

---

### ◼ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Lamington Road Designated Activity Company** | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/14/2018__
MM / DD / YYYY

X _Miriam Martinez_                    Miriam Martinez
Signature of authorized representative of debtor       Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

X _Colin R. Rob_                    Date __11/14/2018__
Signature of attorney for debtor                MM / DD / YYYY

**Colin R. Robinson**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 N. Market Street**
**17th Floor**
**Wilmington, DE 19899**
Number, Street, City, State & ZIP Code

Contact phone   **302-652-4100**      Email address   **crobinson@pszjlaw.com**

**5524 DE**
Bar number and State

**LAMINGTON ROAD DESIGNATED ACTIVITY COMPANY**
**Company Number 541559**
**(the "Company")**

**Minutes of a meeting of the Board of Directors (the "Board") of the Company**
**duly convened constituted and held at**
**Palmerston House Fenian Street, Dublin 2, Ireland**
**on the 14ᵗʰ day of November 2018 at 7.30pm**

| | | |
|---|---|---|
| **PRESENT:** | Rodney O'Rourke | (Independent Director, in the Chair) |
| | Yolanda Kelly | |
| | | |
| **APOLOGIES:** | Miriam Martinez | |
| | David Thompson | |
| | Sinead Treacy | |
| | Eileen Mulholland | |

1.  **NOTICE AND QUORUM**

    The Chairman noted that notice of the meeting and of the nature of the business to be conducted had been given to all directors entitled to attend the meeting and that a quorum was present in accordance with the Company's Constitution. It was further noted that all the directors present were, pursuant to the Company's Constitution, entitled to vote and be counted in the quorum. The meeting then proceeded to business.

2.  **LIMITATIONS TO THE NUMBER OF DIRECTORSHIPS AND RESIDENCY REQUIREMENTS UNDER THE COMPANIES ACT 2014**

    It was noted that pursuant to section 137 of the Companies Act 2014 (as amended, the "**Act**"), at least one of the directors of the Company is resident in a Member State of the European Economic Area and that no director present individually held more than twenty-five directorships for the purposes of section 142 of the Act and was therefore eligible to vote on all board resolutions brought before the meeting.

3.  **DISQUALIFICATION AND RESTRICTION ORDERS AND UNDERTAKINGS**

    Those directors present each declared that they were not the subject of a declaration made under section 819 of the Act, or disqualified from acting as a director under section 839 of the Act or deemed disqualified from acting as a director under section 840 or section 841 or subject to a disqualification order under section 842 of the Act. Those directors present each declared that they had not received any notice under section 850 or section 852 of the Act relating to a restriction or disqualification undertaking and had not received notice of any application made under section 820 of the Act.

4.  **BACKGROUND AND PURPOSE OF THE MEETING**

    4.1  The Chairman reminded the meeting that the Company had been established to acquire, from time to time directly or indirectly, life insurance policies. The Chairman reminded the directors that the Company was the limited partner in a Delaware Limited Partnership, White Eagle Asset Portfolio, LP ("**WEAP**") and the sole member of White Eagle General Partner, LLC ("**WEGP**"), the general partner in WEAP, and that WEAP holds a portfolio of life insurance policies. It was noted that the sole shareholder in the Company is Markley Asset Portfolio, LLC ("**Markley**").

4.2 The Chairman reminded the directors that, in order to the fund the Company's business activities, the Company had: (i) issued profit participating notes due 2054 (the "**Notes**") to Markley (as "**Noteholder**") pursuant to a note instrument dated 16 May 2014 (as amended from time to time, the "**Note Instrument**"); and (ii) issued two promissory notes (the "**Promissory Notes**") to Markley.

4.3 The Chairman reminded the directors that WEAP (as borrower) had entered into a second amended and restated loan and security agreement dated 31 January 2017 (as amended from time to time) with Imperial Finance & Trading, LLC (as initial servicer, initial portfolio manager and guarantor), Lamington Road Bermuda Ltd (as portfolio manager), CLMG Corp. (as administrative agent) and the financial institutions party thereto (as the "**Lenders**") (the "**Loan and Security Agreement**"). The Chairman noted that there was a risk that an event of default would be declared under the Loan and Security Agreement imminently and, accordingly, the directors had been asked to consider whether a petition should be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Transaction**").

5. **DECLARATIONS OF INTEREST**

5.1 It was noted that each of the directors present had disclosed in writing to the other directors of the Company the manner (if any) in which he/she is interested in the business to be transacted at the meeting, whether as a director of any company which is party to such business or otherwise, for the purposes of section 231 of the Act. The secretary was instructed to note the aforesaid interests in the Company Register of Directors'/Secretary's Interests.

5.2 It was noted that, notwithstanding such disclosure, each director was pursuant to Regulation 149 of the Company's Constitution, entitled to vote and be counted in the quorum in relation to any matter in which he/she has an interest.

6. **CONSIDERATION OF THE TRANSACTION**

6.1 The Board, acting pursuant to the laws of the Republic of Ireland, considered the financial and operational aspects of the Company's business.

6.2 The Board reviewed the historical performance of the Company, the outlook for the Company's assets and overall performance, including the Company's 100% interests in WEGP and 99.9% interests in WEAP, and the current and long-term liabilities of the Company.

6.3 In particular, it was noted that the portfolio of life insurance policies owned by WEAP had an aggregate death benefit of approximately $2.8 billion and a fair value of approximately $568 million as at 30 June 2018, based on the Lenders' own valuation, which was presented to and considered by the Board. It was also noted that under the Loan and Security Agreement, the total lending commitment of the lenders is $370 million, of which c.$363 million has been drawn-down to date.

6.4 Accordingly, it was noted that WEAP was approaching its borrowing limit under the Loan and Security Document but that, based on the valuations noted above, the Company had a substantial equity interest of c.$220m in WEAP which, based on the advice of US counsel to the Company, would be protected by seeking the protection of the US Court under the Bankruptcy Code. It was, however, noted that the valuations as at 30 June 2018 were the last available valuations and that Ms. Martinez had advised the Board, in advance of the meeting, that there was a possibility that the

leading actuarial valuers would adjust the life expectancies such as to create an as yet undetermined impact of the valuation of the portfolio of life policies held by WEAP.

6.5    The Board carefully reviewed and considered the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company and its subsidiaries WEAP and WEGP, including legal advice provided to the Company from Arthur Cox Solicitors (in respect of Irish law) and Pachulski Stang Ziehl & Jones LLP (in respect of the laws of United States). It was noted that the advices of US counsel explained the necessity of entering into the Transaction and that the advices of Irish counsel set out the duties of the directors in these circumstances and the matters that the directors are obliged to have regard to, including the interests of the shareholders of the Company.

6.6    The Board analyzed each of the financial and strategic alternatives available to the Company, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

## 7.    RESOLUTIONS

7.1    The directors, acting in good faith, considered and discussed the financial position of the Company and confirmed their full understanding of the effect and implications for the Company of entering into and/or performing its obligations under the Transaction.

7.2    After further discussion **IT WAS RESOLVED**:

(a)    that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, partners, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware;

(b)    that the officers of the Company (each, an **"Authorized Officer"**) be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case, including all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation a chapter 11 plan and related disclosure statement;

(c)    that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to retain the law firm of Pachulski Stang Ziehl & Jones LLP (**"PSZ&J"**) as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

(d)     that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

(e)     that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to obtain post-petition financing and obtain permission to use existing cash collateral according to terms which may be negotiated by the management of the Company, and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral arrangement; and in connection therewith, the Authorized Officers shall be, and each of them hereby is, hereby authorized, empowered and directed, on behalf of the Company, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

(f)     that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case;

(g)     that the Authorized Officers be, and each of them hereby is, authorized and empowered, on behalf of the Company, to authorize, approve, or consent to each of WEGP and WEAP seeking relief under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware and to take any actions required in connection therewith, including the execution and delivery (if required) of any agreements, deeds or any other documents; and

(h)     that any and all actions heretofore taken by any Authorized Officer or the directors or managers of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

8.    **FILING**

**IT WAS UNANIMOUSLY RESOLVED THAT** the company secretary of the Company and / or Arthur Cox and / or PSZ&J be and are hereby authorised and directed to make all necessary and appropriate entries in the books and registers of the Company and, if required, to arrange for all necessary forms and documents in connection with the matters referred above to be completed and filed with the Companies Registration Office and in any necessary offices in the United States.

9.      **CLOSE OF MEETING**

There was no further business and the Chairman declared the meeting closed.

SIGNED      _____

**CHAIRMAN**

**Fill in this information to identify the case:**

Debtor name    Lamington Road Designated Activity Company

United States Bankruptcy Court for the:   District of Delaware

                                                        (State)

Case number (If known):  18-_____

☐ Check if this is an
  amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest
## Unsecured Claims and Are Not Insiders                              12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an** *insider,* **as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims, on a consolidated basis.**

☒ None [*check if applicable*]

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LAMINGTON ROAD DESIGNATED ACTIVITY COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

       Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

| | |
|---|---|
| Name: | Markley Asset Portfolio, LLC |
| Address: | 5355 Town Center Road |
| | Suite 701 |
| | Boca Raton, FL 33486 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| LAMINGTON ROAD DESIGNATED ACTIVITY COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Markley Asset Portfolio, LLC<br>5355 Town Center Road, Suite 710<br>Boca Raton, FL 33486 | | | 100% ownership |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LAMINGTON ROAD DESIGNATED ACTIVITY COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

      Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor (the "Debtor") hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors.  To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor's books and records.

      The information contained herein is based upon a review of the Debtor's books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

**Fill in this information to identify the case:**

Debtor name    <u>Lamington Road Designated Activity Company</u>

United States Bankruptcy Court for the:    <u>DISTRICT OF DELAWARE</u>

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Certification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>11/14/2018</u>    x _____
                                                Signature of individual signing on behalf of debtor

                                                **Miriam Martinez**
                                                Printed name

                                                **Chief Financial Officer**
                                                Position or relationship to debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy